**492**

■

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for the appointment of a trustee regarding the legal files of the late William J. Platto.

■

**In re Petition for DISCIPLINARY ACTION AGAINST VANCE O. BUSHAY, a Minnesota Attorney, Registration No. 13675.**

No. A09–1192.

Supreme Court of Minnesota.

Aug. 26, 2009.

filed a petition for disciplinary action alleging that respondent Vance O. Bushay committed professional misconduct warranting public discipline, namely, being convicted of misdemeanors and gross misdemeanors between 2005 and 2009 for offenses including: assault; interfering with a 911 emergency call; careless driving; obstructing the legal process; violations of criminal probation; and making telephone calls with intent to abuse, disturb, or cause distress to another, in violation of Minn. R. Prof. Conduct 8.4(b) and (d). The Director also alleges professional misconduct for failing to diligently handle a client's bankruptcy matter, failing to communicate with a client, and failing to promptly refund the client's unused retainer fee, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a)(4), and 1.15(c)(4).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admits the allegations of the petition. Respondent has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 90–day suspension and waiver of the reinstatement hearing provided for in Rule 18(a)-(d), RLPR.

The court has independently reviewed the file and generally approves of the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Vance O. Bushay is suspended for a period of 90 days, effective 14 days from the date of filing of this order. The reinstatement hearing provided for in Rule 18(a)-(d), RLPR, is waived. Respondent shall be reinstated, conditional upon successful completion of the professional responsibility portion of the state bar ex-

## ORDER

The Director of the Office of Lawyers Professional Responsibility has

amination, following the expiration of the suspension provided that at least 15 days before the expiration of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director's Office an affidavit establishing that respondent is current with continuing legal education requirements, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court.

2. Upon resuming the practice of law, respondent shall be placed on probation for an indefinite period of time, to terminate one year after termination of respondent's criminal probation, provided that respondent not violate the terms of his criminal probation and provided that respondent abides by the following conditions of probation:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director's Office with a current address and shall promptly notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall comply with the terms of his criminal probation.

d. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in ac-cordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

e. Respondent shall follow all chemical dependency treatment and aftercare recommendations.

f. Respondent shall submit biological fluid specimens for toxicology analysis as requested by his probation officer.

g. Respondent shall, at his own expense, no more than four times per month, submit to random biological fluid (urine or blood) screening at a facility approved by the Director. These screenings shall be in addition to any required through respondent's criminal probation. Respondent shall direct the screening facility to provide the results of all testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced or terminated at the Director's discretion. Respondent shall cooperate with the phone-in program established by the Director for the random tests. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test result.

h. Respondent shall remain law-abiding, shall not commit the same or similar offenses, and shall follow the conditions of his probation.

i. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director verification of attendance at Alcoholics Anonymous on a form provided by the Director, which provides the name, address, and telephone number of the person personally verifying respondent's attendance.

Should respondent violate the terms of this probation or the terms of his criminal pro-

bation, the Director may, upon notice to respondent and an opportunity to be heard, petition the court for an order revoking respondent's probation and indefinitely suspending him with no right to petition for reinstatement for the balance of the probationary term or for other appropriate discipline.

3. Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of filing of this order.

4. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

5. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice